OPINION
{¶ 1} Appellant, S.F., appeals the decision of the Madison County Court of Common Pleas, Juvenile Division, to grant permanent custody of his child, C.F., to appellee, the Madison County Department of Job and Family Services, Children Services Department ("Children's Services"). We affirm the decision for the reasons outlined below.
 {¶ 2} Appellant and C.F.'s mother were living together when C.F. was born on January 23, 2003. C.F. suffered from a narrowing of the lower part of his larynx that resulted in acute breathing difficulties and required medical or emergency intervention during the first few months of his life. Records show that on three occasions, C.F. had to be hospitalized for breathing difficulties while in his parents' care.
 {¶ 3} When C.F. was less than three months old, his parents entered into a 30-day voluntary agreement giving Children's Services temporary custody. When the parents refused to extend the custody agreement, Children's Services filed a complaint in juvenile court. Children's Services received an ex parte order of temporary custody, citing concerns about the parents' ability to adequately care for C.F.'s medical needs. C.F. was adjudicated a dependent child on May 27, 2003, and a case plan was implemented at disposition.
 {¶ 4} While in foster care, C.F. underwent surgery to improve his medical condition. C.F. still has a narrow airway that requires monitoring as he is still susceptible to breathing problems and may require future surgery. C.F. has also been diagnosed with asthma, which requires medication and daily breathing treatments, and with gastroesophageal reflux, which also entails the administration of medication. C.F. exhibits some developmental delays for his age.
 {¶ 5} Children's Services filed a motion for permanent custody on May 5, 2004. Hearings were held several months thereafter and the juvenile court granted the motion for permanent custody. Appellant appeals, presenting five assignments of error.[1]
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The Court erred as a matter of fact and law when it found by clear and convincing evidence that the Appellant's parental rights could and should be terminated even though Children's Services had failed to make reasonable efforts to reunite him and his child[.]"
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "The Court erred as a matter of fact and law and abused its discretion when it found that Appellant's child could not be placed with him within a reasonable time[.]"
 {¶ 10} Assignment of Error No. 3:
 {¶ 11} "The Court erred as a matter of fact and law and abused its discretion when it found that permanent custody was in the children's [sic] best interests."
 {¶ 12} Assignment of Error No. 4:
 {¶ 13} "The Court erred as a matter of fact and law and abused its discretion when it terminated the parental rights of Appellant."
 {¶ 14} Assignment of Error No. 5:
 {¶ 15} "The Court's decision and order of permanent custody was against the manifest weight of the evidence and failed to meet the requisite clear and convincing standard."
 {¶ 16} Appellant's assignments of error challenge the juvenile court's determination to award permanent custody of C.F. to Children's Services, and therefore, we will address the assignments together.
 {¶ 17} Before a natural parent's constitutionally protected liberty interest in the care and custody of his child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. Santosky v. Kramer (1982), 455 U.S. 745,759, 102 S.Ct. 1388. An appellate court's review of a trial court's decision finding clear and convincing evidence is limited to whether sufficient credible evidence exists to support the trial court's determination. In re Starkey,150 Ohio App.3d 612, 617, 2002-Ohio-6892.
 {¶ 18} When a state agency seeks permanent custody of a dependent child, the trial court is required to determine that, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody of the child to the agency. R.C. 2151.414(B)(1). In making such a determination, the trial court must consider all relevant factors, including but not limited to factors enumerated in R.C. 2151.414(D); In re D.R.,
Butler App. No. CA2004-07-171, 2004-Ohio-6322.
 {¶ 19} The R.C. 2151.414(D) factors include: the interaction and interrelationship of the child with the child's parents, relatives, and foster caregivers, the wishes of the child expressed directly or through the child's guardian ad litem ("GAL"), the custodial history of the child, the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 {¶ 20} The case plan filed in the instant case indicated that the parents should not smoke around C.F. because of physicians' concerns about the effects of smoke on C.F.'s respiratory conditions. The case plan required the parents to provide proper medical care for the child, actively participate in and follow recommendations of health education home visits, attend C.F.'s medical appointments, learn and use the medical procedures necessary for C.F.'s conditions, attend and apply parenting classes, participate in the Early Intervention program for C.F.'s developmental issues, maintain appropriate independent housing, attend individual counseling based on the recommendations of psychological evaluations, and obtain employment to meet the family's financial needs.
 {¶ 21} The juvenile court found that appellant had not satisfactorily completed the case plan. Appellant reduced the number, but continued to smoke cigarettes. Despite repeated admonishments, appellant was observed on occasion smoking just before he visited with C.F. There were reports of instances where the parents exhibited inappropriate parenting of C.F., and evidence that the parents displayed a lack of appreciation for C.F.'s medical conditions, a lack of interest in C.F.'s development issues, and a lack of appropriate bonding with C.F.
 {¶ 22} Appellant failed to appear for many of C.F.'s pediatrician appointments and attended only half of the Early Intervention sessions. When appellant failed to attend these medical appointments and Early Intervention sessions, he missed spending time with his son and learning the skills necessary to care for him.
 {¶ 23} The juvenile court found that appellant failed to adequately utilize the individual counseling sessions, and failed to maintain employment. The court also noted that the child's mother was convicted of domestic violence against appellant in late 2003. The parents had secured housing, but were residing in a rooming house with other smokers. And finally, the child's GAL filed a report in which he recommended that permanent custody be granted to Children's Services.
 {¶ 24} A review of the record indicates that the juvenile court thoroughly considered the issues presented in this case, the reasonable efforts of Children's Services to reunify, and the parents' progress. After conducting this review, the juvenile court stated that C.F. needed a stable environment, with "caretakers interested in his physical, emotional, and intellectual well being." The juvenile court did not consider appellant to be that caretaker, finding instead that permanent placement with Children's Services was in C.F.'s best interest.[2] We find sufficient credible evidence exists to support the trial court's decision.
 {¶ 25} As we previously noted, permanent custody to Children's Services may be granted if the court finds, by clear and convincing evidence, that permanent custody is in the child's best interest, and as applicable and pertinent here, the child cannot be placed with either of the parents within a reasonable time or should not be placed with the child's parents. R.C.2151.414(B)(1)(a).
 {¶ 26} The juvenile court found by clear and convincing evidence that, despite the efforts of Children's Services, appellant "failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside [his] home." 2151.414(B)(1)(a). The juvenile court noted appellant's failure in individual counseling, and with C.F.'s medical training, and appellant's inability to maintain employment to provide support for C.F. and to establish suitable housing for a child who continues to have special needs. The juvenile court concluded that C.F. cannot be placed with either of the parents within a reasonable time and should not be placed with the parents. See R.C. 2151.414(E)(1).
 {¶ 27} Sufficient credible evidence exists to support the trial court's determination that C.F. cannot be placed with appellant within a reasonable time and should not be placed with appellant. The findings of the juvenile court demonstrate that appellant failed to utilize the many services provided so that he could adequately parent C.F. and show the necessary commitment to meet the child's special needs.
 {¶ 28} The juvenile court did not err in granting permanent custody of C.F. to Children's Services. Appellant's five assignments of error are overruled.
 {¶ 29} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.
[1] C.F.'s mother did not appeal the juvenile court's judgment.
[2] The juvenile court also made a separate finding under the best interest factors that appellant showed an unwillingness to provide an adequate permanent home for C.F. See R.C. 2151.414(E) ((4).